

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELSIE P.,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:21-cv-375

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## *MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Elsie P.'s[1] ("Plaintiff") Objections to the Report and Recommendation of the Magistrate Judge dated April 27, 2022. Pl.'s Objs. to R. & R., ECF No. 24 ("Pl.'s Objs."). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Plaintiff's objections are **OVERRULED**, and the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation. *See* R. & R. Apr. 27, 2022, ECF No. 23 ("R. & R."). On December 1, 2016, Plaintiff filed for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Admin. R. 26, ECF No. 13 ("R."). Plaintiff alleged disability beginning September 14, 2015, *id.*, based on a full thickness tear in the superior labrum of her left hip, multilevel spinal spondylosis, spinal facet arthropathy, disc protrusion, left leg pain and numbness, back pain radiating to the buttock, and fatigue. *Id.* at 92. The state agency

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

denied her application initially and on reconsideration. *Id.* at 26. Plaintiff then requested an administrative hearing. *Id.* The hearing was held on August 21, 2019. *Id.* Counsel represented Plaintiff at the hearing, and a vocational expert ("VE") testified. *Id.*

On September 13, 2019, the ALJ denied Plaintiff's claims for DIB and SSI, finding she was not disabled during the period alleged. R. at 35. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21. The ALJ also found that Plaintiff could perform her past relevant work as a call center representative. *Id.* at 34. On August 31, 2020, the Appeals Council denied Plaintiff's request for review. *Id.* at 9. On July 8, 2021, Plaintiff filed her complaint in this Court. Compl., ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that she was not entitled to an award of DIB or SSI, claiming that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." *Id.* at ¶ 8.

On November 18, 2021, this Court entered an Order referring this action to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings, and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). Order Nov. 18, 2021, ECF No. 14. On November 19, 2021, Magistrate Judge Miller entered an order directing Plaintiff to file a motion for summary judgment within thirty (30) days from the date of the order, and for Defendant to file a responsive memorandum, a cross-motion for summary judgment if desired, and a statement of his position within thirty (30) days from Plaintiff's filing of a motion for summary judgment. Order Nov. 19, 2021, ECF No. 15. On December 16, 2021, Magistrate Judge Miller entered an Amended Scheduling Order, extending the relevant deadlines. Am. Sched'g Order, ECF No. 17.

On February 18, 2022, Plaintiff filed the instant Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 18; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 19 ("Pl.'s Mem. Supp."). On March 21, 2022, Defendant filed the instant Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 20; Def.'s Mem. Supp. Mot. Summ. J., ECF No. 21 ("Def.'s Mem. Supp.").

On April 27, 2022, Magistrate Judge Miller filed his Report and Recommendation ("R. & R."), in which he recommended the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the decision of the Commissioner be **AFFIRMED**. R. & R. at 25. On May 9, 2022, Plaintiff filed the instant Objections to the R. & R. Pl.'s Objs. On May 19, 2022, Defendant filed a response to Plaintiff's objections. Def.'s Response to Pl.'s Objs. to R. & R., ECF No. 25 ("Def.'s Response"). Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Title 28 U.S.C. § 636(b)(1), which provides district judges with the authority to refer such matters, "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Therefore, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, receive further evidence, and may recommit the matter to the magistrate judge with instructions. Fed. R. Civ. Proc. 72(b)(3); *accord Holloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997). When conducting this "*de novo* determination," a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff raises a single objection to the Magistrate Judge's findings. Pl.'s Objs. She argues the Court "should reject the Magistrate Judge's finding that the ALJ properly discounted Dr. Harris's opinion that Plaintiff should not lift and carry weight." *Id.* at 1. Specifically, Plaintiff argues that the Magistrate Judge erred in two ways: (1) attempting to cure the ALJ's "cherry-picking" by referencing findings on which she did not identify or discuss; and (2) failing to

4

determine whether the ALJ applied the proper legal standard when evaluating the evidence. *Id.* at 2-3. The Court finds that these purported errors are unfounded and ultimately offered in an effort to relitigate arguments raised on summary judgment. *Nichols*, 100 F. Supp. 3d at 497. In other words, Plaintiff fails to properly object to the Magistrate Judge's disposition and, therefore, the Court review's the Magistrate Judge's findings for clear error rather than *de novo*. Fed. R. Civ. Proc. 72(b)(3); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard*, 932 F.2d at 509); *accord Lee v. Saul*, No. 2:18-cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Plaintiff first argues that the Magistrate Judge erred when he "attempt[ed] to cure the ALJ's deficiency by referencing other benign findings" that were not "identified or discussed by the ALJ in her evaluation of the opinion." Pl.'s Objs. at 2. Plaintiff identifies the ALJ's "deficiency" as "ma[king] no effort to identify or reconcile," on one hand, evidence in Dr. Lisa Harris's findings supporting her opinion that Plaintiff "should not lift and carry any weight," with, on the other hand, the ALJ's "conclusion that Dr. Harris's opinion lacked internal support." *Id.* Plaintiff argues that "[t]his is error" because it demonstrates that the ALJ abandoned her "obligation to consider all relevant medical evidence and []not simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *accord Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017); *see also Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (4th Cir. 2020). Plaintiff asserts that the Magistrate Judge recognized this deficiency and decided to "fill in the blanks" rather than remanding. Pl.'s Objs. at 2.

5

This argument faces two critical errors. First, Plaintiff's own pleadings reveal that her criticism of the Magistrate Judge's analysis is in fact a veiled "rehashing of the arguments raised in [her] Motion for Summary Judgment." *Nichols*, 100 F. Supp. 3d at 497. Indeed, in objecting, Plaintiff offers a nearly identical, truncated version of the argument she presented on summary judgment. She recycles much of the same language, arguments, and case law. *Compare, e.g.*, Pl.'s Objs. at 2, *with, e.g.*, Pl.'s Mem. Supp. at 17 ("The ALJ offered no discussion of this evidence, nor did she attempt to reconcile this evidence with her conclusion that Dr. Harris's opinion lacked proper evidentiary support. T 34. This is error."). Plaintiff even appears to have recycled her accusation that the Magistrate Judge "filled in the blanks" for the ALJ. *Compare* Pl.'s Objs. at 2-3, *with* Pl.'s Mem. Supp. at 15-16 ("This reviewing Court cannot 'fill in the blanks for the ALJ' by finding that substantial evidence supports the evaluation of Dr. Harris's opinion.") (citing the same case law in support).

Second, the Magistrate Judge acknowledged that he looked to findings outside of those that the ALJ referenced in her opinion for the purpose of assessing the *legal propriety* of the ALJ's analysis. R. & R. at 23 ("Although he ALJ did not cite each of these findings when assessing the opinion's persuasive force, she was nonetheless justified in finding discrepancies between Dr. Harris's opinion and her own medical findings."). In other words, the Magistrate Judge did not attempt to "fill in the blanks," but rather engaged in a thorough analysis to determine whether the ALJ applied the proper legal standard. *See Craig*, 76 F.3d at 589. Regardless, the Magistrate Judge was nonetheless entitled to refer to and rely on evidence in the administrative record that the ALJ did not specifically cite. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without

remanding the cause for a rehearing."); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations.") (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Jacobs v. Berryhill*, No. 2:16-cv677, 2018 WL 658694, at *4 (E.D. Va. Jan. 31, 2018) ("[B]y using additional evidence from the record to support the ALJ's findings, the Magistrate Judge was merely pointing out that the record, as a whole, is consistent with the substantial evidence relied upon by the ALJ.").

For this same reason, Plaintiff's second criticism that the Magistrate Judge only addressed the substantial evidence prong proves to be another unfounded rehashing attempt. *Compare* Pl.'s Objs. at 3, *with, e.g.*, R. & R. at 22 ("Plaintiff argues that the ALJ did not properly evaluate the supportability of Dr. Harris's opinion . . . However, the ALJ did not use this finding to <u>improperly</u> undermine Dr. Harris's 'overall assessment' of Plaintiff's ability.") (emphasis in original). Plaintiff incorrectly argues that the Magistrate Judge failed to address the ALJ's legal analysis in order to argue, once again, that "the ALJ committed legal error" by "focus[ing] on a single finding of normal strength in the upper extremities, at the ignorance of other examination findings which otherwise supported Dr. Harris's opinion." Pl.'s Objs. at 1; *but see* Pl.'s Mem. Supp. at 17 ("Here, the ALJ's discussion of supportability was limited to a single finding of 5/5 muscle strength of the *right* upper and lower extremities T 34, 534, 996. This comes, however, at the ignorance of other examination findings.") (emphasis in original).

As the Magistrate Judge previously informed Plaintiff: "This appeal is not an opportunity to relitigate the case." R. & R. at 24. Yet, even if Plaintiff had raised a proper objection, the Court would nonetheless find that the Magistrate Judge thoroughly considered Plaintiff's arguments and properly rejected them. The record reflects that the ALJ did not engage in

7

"cherry-picking" or abandon her "obligation to consider all relevant medical evidence," *Denton*, 596 F.3d at 425, and that she properly evaluated the supportability factor in assessing Dr. Harris's opinion. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). In short, the Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. *Veney*, 539 F. Supp. 2d at 846.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objection, and it is therefore **OVERRULED**. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed April 27, 2022. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 22, 2022

Raymond A. Jackson
United States District Judge